UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1293

STEPHANIE MANNE TSHIBONGE,

Petitioner,

versus

JOHN ASHCROFT, Attorney General of the United
States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A77-246-646)

Submitted: October 22, 2003          Decided: December 1, 2003

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Dismissed in part and denied in part by unpublished per curiam
opinion.

Ana T. Jacobs, ANA T. JACOBS & ASSOCIATES, Washington, D.C., for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Ernesto
H. Molina, Jr., Senior Litigation Counsel, Jason S. Patil, Office
of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Stephanie Manne Tshibonge, a native and citizen of the Democratic Republic of Congo, petitions for review of an order of the Board of Immigration Appeals (Board). The order denied her motion to reopen and reconsider the Board's dismissal of her appeal from the Immigration Judge's (IJ) order denying her applications for asylum, withholding of removal, and for relief under the Convention Against Torture.

Tshibonge first raises several challenges to the summary affirmance procedure employed by the Board in its initial decision, dated November 18, 2002, affirming the decision of the Immigration Judge without opinion pursuant to 8 C.F.R. § 1003.1(a)(7) (2003). As Tshibonge did not file a timely petition for review of that decision, we are without jurisdiction to consider her claims. See 8 U.S.C. § 1252(b)(1) (2000); Stone v. INS, 514 U.S. 386, 394, 405 (1995).

Tshibonge next disputes the Board's decision denying relief on her motion to reconsider. We have reviewed the record and the Board's order of February 11, 2003, and find that the Board did not abuse its discretion in denying the motion. See 8 C.F.R. § 1003.2(a) (2003). To the extent that Tshibonge seeks to challenge the IJ's determination that her asylum application is untimely and she failed to establish extraordinary circumstances excusing the

2

late filing, we find we are without jurisdiction to consider such a claim.  See 8 U.S.C. § 1158(a)(3) (2000).

Accordingly, we dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART AND DENIED IN PART

3